FILED_____ ENTERED
_____ RECEIVED
LOGGED_____

JUL 2 3 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**

v.

**ANTONY REUBEN KIROGA,**
**a/k/a Anthony Kiroga, Tony Kiroga**

**Defendant.**

CRIMINAL NO. _JRR-26-245_

(Interstate Transportation of Stolen Goods,
18 U.S.C. § 2314; Forfeiture,
18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p),
28 U.S.C. § 2461(c))

**INFORMATION**

**COUNT ONE**
**(Interstate Transportation of Stolen Goods)**

The Chief of the Fraud Section of the Criminal Division of the U.S. Department of Justice charges that:

At all times relevant to this Information:

**General Allegations**

1.      Defendant ANTONY REUBEN KIROGA a/k/a Anthony Kiroga a/k/a Tony Kiroga ("KIROGA") was a resident of Frederick County, Maryland.

2.      KIROGA was employed as a Certified Nursing Aide at HOSPITAL 1, a hospital system that operated two Maryland campuses.

3.      In or around April 2021, HOSPITAL 1 purchased approximately 1,215 Baxter Spectrum IQ Infusion Systems (along with related accessories such as batteries and clamps) from Baxter, the manufacturer of the devices, for use at its Maryland campuses. Baxter Spectrum IQ Infusion Systems are pre-retail medical products as defined in 18 U.S.C. § 670 and HOSPITAL 1 is an organization in the supply chain for the Baxter IQ Infusion Systems.

4.      COMPANY 1 was a medical device refurbishing company located in Maryland.

5.    COMPANY 2 and COMPANY 3 were medical device refurbishing companies located in New Jersey. COMPANY 2 and COMPANY 3 shared a PayPal Account, an email address, and multiple shipping addresses, including a warehouse and an office, both in New Jersey.

### Defendant's Theft of Devices from HOSPITAL 1

6.    Between in or around May 2021, and in or around April 2026, the Defendant developed and executed a plan to steal at least 380 Baxter Spectrum IQ Infusion Systems from HOSPITAL 1 and to sell the stolen devices to various companies, including COMPANY 1, COMPANY 2 and COMPANY 3. HOSPITAL 1 did not authorize KIROGA to sell or otherwise dispose of the devices the hospital owned.

7.    Between on or about September 23, 2021 through at least on or about February 12, 2026, KIROGA sold more than 100 devices to COMPANY 2 and COMPANY 3.

8.    For example, on or about December 17, 2021, KIROGA sold four stolen Baxter Spectrum IQ Infusion Pumps for $5,200 to COMPANY 3 and shipped them from Maryland to New Jersey. COMPANY 3 received the four stolen Baxter Spectrum IQ Infusion Pumps by on or about December 20, 2021.

### The Charge

9.    On or about December 17, 2021, in the District of Maryland and elsewhere, the defendant,

**ANTONY REUBEN KIROGA,**

did unlawfully transport, transmit, and transfer in interstate commerce stolen goods, wares, and merchandise, that is, Baxter Spectrum IQ Infusion Systems, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

18 U.S.C. § 2314

## FORFEITURE ALLEGATION

The Chief of the Fraud Section of the Criminal Division further charges that:

10.    Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

### Transportation of Stolen Property Forfeiture

11.    Upon conviction of the offense alleged in Count One of this Information, the defendant,

**ANTONY REUBEN KIROGA,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Property Subject to Forfeiture

12.    The property subject to forfeiture includes, but is not limited to:

    a.  a forfeiture money judgment in the amount of proceeds derived from the offense charged in Count One of this Information; and

    b.  a Baxter Spectrum IQ Infusion System seized during execution of a search warrant on April 13, 2026.

### Substitute Assets

13.    If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)


Date: ___7/22/2026_____        __/s/____ _____

Lorinda Laryea
Chief, Fraud Section